LAND, J.
This is a suit to recover damages for the death of the plaintiff's husband, who was killed by a backing locomotive and tender on defendant’s logging tramway. •
The case was tried before the district judge, who rendered judgment in favor of the plaintiff for the sum of $1,000. . Defendant has appealed.
The petition alleges that plaintiff’s husband, while walking along the track of the defendant road, was run over by an engine and tender in charge of defendant’s employes and was thereby fatally injured.
The negligence charged in the petition consists in the absence of a lookout on the rear end of the tender and a failure to sound the whistle, ring the bell, or otherwise give warning of the approach of the locomotive and tender. The petition alleges that the place of the accident was on a- part of the line continually traveled by pedestrians with the acquiescence of the defendant company, and that the want of a sufficient lookout on the approaching train backing along the track was in wanton and reckless disregard of human life.
The defense is a general denial, coupled with the averment that the death of Sutton was caused by his own fault, and in the alternative the defendant pleads contributory negligence.
The record does not contain the reasons on which the judgment was predicated. Hence we do not know what ultimate facts were found by the judge a quo. A perusal of the record shows that the main controverted issue of fact was whether at the time of the accident the deceased was walking along the track, as alleged in the petition, or had come upon the track immediately in front of the moving locomotive and tender. The direct evidence in the record supports the latter theory. Mrs. Roark, the only witness testifying to all the surrounding facts and circumstances, swore that Sutton, an old and feeble man, accompanied by his grandson, about six years of age, were walking by the side of the track, and suddenly turned and attempted to cross immediately in front of the backing locomotive and tender. This witness undoubtedly saw the accident, and her testimony is direct, positive, and circumstantial. On this particular issue it is confirmed in part by the testimony of Thomas, the manager of defendant, who was in the cab of the locomotive at the time. Thomas testified that he was temporarily occupying the seat of the fireman, who was engaged in firing up, and that, looking through the window, he saw a small boy step on the track about *560 15 feet in front of the tender, and yelled to the engineer to stop, and the stop was made as soon as possible, but not in time to save the lives of the old man and the boy. Thomas further testified that he was looking down the track, and would have seen the deceased if he had been walking thereon. Thomas never saw the deceased until after the accident. J. C. Sutton, son. of the deceased, saw his father and the boy approach the track, but did not see them on it. Mrs. J. C. Sutton saw her father-in-law and the boy on the track about five minutes before the accident. The plaintiff in the suit testified that she saw the tender strike her grandson, but did not see it strike her husband, and she “thought he had stepped off.” The same witness further testified that she saw her husband on the track a little before the accident, but he got off, she thought, but that she did not see her grandson until he was struck. As it is admitted that the deceased 'and the boy were together on the occasion in question, and both were run over, it Is strange that the plaintiff never saw them both at the same time.
We do not think that the testimony adduced in behalf of the plaintiff contradicts that given by Mrs. Roark and Thomas. The latter was connected by affinity with the deceased, and he seems to have testified with frankness • and candor. The track was laid on the ground, had never been filled in, and afforded rough walking for an old and feeble man. There was better walking on the side, and it does not seem probable that the old man elected to walk on or over the irregularly laid ties. Be that as it may, we do not see how the direct and positive evidence in the case can be disregarded without some good reason. There is nothing improbable in the testimony to the effect that the old man, infirm and somewhat deaf, attempted to cross the track in front of the moving locomotive and tender. According to the testimony of Mrs. Roark, the child saw the danger and attempted to escape, but did not quite clear the tender.
If the deceased suddenly attempted to cross the track immediately in front of the moving locomotive and tender, we do not see how the defendant can be held responsible in damages for prior alleged negligence, such as not keeping a lookout or giving signals, which was not the proximate cause of the accident. The day was bright, and the affirmative evidence shows that the whistle was sounded and the bell was rung. The speed was slow, and nothing prevented the deceased from seeing or hearing the approach of the locomotive. Conceding that a better lookout, or more continued signals, might have possibly averted the accident, it is equally true that Sutton could have prevented the injury by more attention to his own safety. As his negligence was the proximate cause of the accident, there is no room for the doctrine of the last clear chance,, which necessarily implies subsequent negligence on the part of the defendant.
The accident happened on a log tramway-in the woods. There were a few cabins in the immediate vicinity, occupied by defendant’s employés and their families. There were no crossings or established roads. The-track, to a considerable extent, was used by defendant’s servants as a pathway. The danger to persons crossing the track was very remote. In the light of all the surrounding facts and circumstances, we are not prepared to say that the defendant’s servants were guilty of any negligence in the operation of' the locomotive and tender on the occasion in question. Conceding that the servants of defendant were guilty of some degree of negligence, the deceased had the last clear opportunity of avoiding the accident, and his. infirmities called for the exercise of greater caution on his part. Barnhill v. Texas & P. Ry. Co., 109 La. 43, 33 South. 63.
We do not think that the evidence shows. *562 that the deceased was at the time of the accident walking along the defendant’s track, and consider it unnecessary to discuss the case from that standpoint.
The judgment, therefore, is reversed, and plaintiff’s suit is dismissed, with costs in both courts.