(72 South. 998)

No. 21585.

KHOURY et al. v. LOUISIANA WESTERN RY. CO.

(Nov. 13, 1916.)

*(Syllabus by the Court.)*

1. RAILROADS ☞333(1).— OPERATION — ACCIDENT AT CROSSING — CONTRIBUTORY NEGLIGENCE.

It is negligence per se for a traveler, seeing the rapid approach of a fast passenger train, to attempt to cross the track a short distance in front of the locomotive.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1080, 1083; Dec. Dig. ☞333(1).]

2. RAILROADS ☞333(1), 335(5)—OPERATION— ACCIDENT AT CROSSING — CONTRIBUTORY NEGLIGENCE.

In such a case the belief of the deceased that he could cross in safety is no excuse for his negligence; and prior negligence in the operation of the train does not affect the situation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1028, 1080, 1083; Dec. Dig. ☞333(1), 335(5).]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Mrs. Sarah Khoury and others against the Louisiana Western Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Cline, Cline & Bell, of Lake Charles, for appellants. Pujo & Williamson, of Lake Charles, for appellee.

LAND, J.   Albert Khoury on April 28, 1914, was struck and killed by a fast passenger train of the defendant at the crossing of the track of said company with the main street of the town of Sulphur, in the parish of Calcasieu.

This suit was instituted by the widow of the deceased, individually and as tutrix of their minor children, to recover $18,000 damages for the death of the said Albert Khoury.

The case was tried before the judge alone, who rendered judgment in favor of the defendant.

The petition admits that the deceased saw the train approaching when he reached the south side of the track, but, believing it to be the regular passenger train, moving slowly and preparing to halt at the station, and that he could safely cross the track before the train reached him,

"he leaped with all possible strength and quickness to the north side of the track, * * * but that some portion of the locomotive, on the north

side, struck him when he had almost escaped the danger."

The petition alleged that the said train was moving through the town of Sulphur at the rate of 45 miles per hour, and that no signals of its approach were given other than the ordinary signal whistle blast of the locomotive at about a quarter of a mile from the station, and the place of collision.

The answer is, in effect, a denial of negligence on the part of the defendant, and an averment of gross negligence on the part of the deceased, coupled with a plea of contributory negligence.

The petition alleges, and the evidence shows, that the deceased saw the rapidly approaching train, and attempted to run across the track in front of the locomotive, which must have been very close upon him.

[1, 2] The testimony of the plaintiff's own witnesses show that the deceased saw the train in ample time to have stopped before reaching the track.

On the law the case is with the defendant. See Elliott on Railways; Loftin v. L. R. & N. Co., 135 La. 33, 64 South. 972; Cook v. L. & N. W. Co., 130 La. 918, 58 South. 767; Tatum v. Rock Island Co., 124 La. 921, 50 South. 796; May v. T. & P. Co., 123 La. 647, 49 South. 272; Sutton v. Lee Logging Co., 121 La. 557, 46 South. 649.

In the Tatum Case the well-recognized doctrine applicable to a case like the one before us is thus stated:

"It is negligence per se for a traveler to attempt to cross a railroad track a few feet in front of an advancing train, when warned of its approach, and when, by the exercise of the least degree of * * * care, the imminent danger of the situation could have been discovered."

"In such a case, the negligence of the party injured, being the proximate cause of the accident, may be urged as a defense by the railroad company, although itself guilty of negligence contributing remotely to the happening of the accident."

Elliott, supra, says:

"The general rule is that it is negligence for a traveler to attempt to cross in front of an engine or train which he sees or knows is approaching the crossing; for a person who knows of danger is under an obligation to refrain from incurring it and endeavoring to avoid it upon a calculation of chances. * * *
"This rule applies although the person approaching believes that he can cross in safety, but miscalculates his danger, and although the railroad company is itself negligent in the management of its train, as in failing to give the proper signals of its approach, or in running at an excessive or unlawful rate of speed, or although it is negligent in obscuring the view of cars on parallel tracks, or in failing to have a flagman at the crossing, or although the flagman is not properly attending to his duties."

The Lousiana cases cited by the defendant are not applicable, or may be readily distinguished from the cases cited supra, which fix the jurisprudence of this state too firmly to be shaken by a few contrary cases in other jurisdictions.

Judgment affirmed.