No. 2926

Second Circuit

---

CASEY v. SHREVEPORT RAILWAYS CO.

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 5, 7.**
   Where the driver of an automobile, on approaching a crossing, noted the approach of a street car, estimated its speed and that of his car, and took a chance of passing in front of the car, although, if he had been prudent he would have stopped, he was contributorily negligent.

2. **Louisiana Digest—Street and Interurban Railroads—Par. 21, 31.**
   The motorman of the street car has the right to assume that the driver of an automobile in crossing the street would stop before placing himself in a perilous position, and, therefore, the doctrine of last clear chance is not applicable if the motorman did all that he could to avoid the accident as soon as he saw that the driver of the automobile would attempt to cross in front of the car.
   (See Civil Code, Article 2315.—Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Ben. F. Casey against Shreveport Railways Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Crow & Coleman, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

WEBB, J. In this action the plaintiff seeks to recover damages for slight personal injuries and injury to his automobile sustained as the result of a collision between the automobile while being driven by plaintiff and a street car operated by the defendant company.

The collision occurred on one of the streets of the city of Shreveport as the plaintiff was attempting to drive his automobile over the street car tracks, and the theory and basis of the right to recover is alleged to be that the street car was being operated at an excessive rate of speed and that this was the proximate cause of the collision; and further, that the defendant had the last clear chance to avoid the accident and failed to do so.

The defendant denied the charge of negligence, and alleged that the collision was due solely to plaintiff's fault, and, in the alternative, that the negligence of plaintiff contributed to the accident.

On the issues presented the cause went to trial, and plaintiff appeals from a judgment rejecting his demands.

## OPINION

The evidence shows that both plaintiff and the motorman on the street car had or could have had a clear and unobstructed view of the respective cars for some distance as they approached the point of collision, but plaintiff contends that as he came into the street on which the crossing was situated and where the collision occurred, the respective cars were at such distances from the crossing that it was safe for him to attempt the crossing, assuming that the street car was being operated at a lawful rate of speed; and, in the alternative, in event it should be held that plaintiff was negligent, defendant had the last clear chance to avoid the accident.

We do not find in the record any ordinance fixing the maximum rate of speed at which street cars should be driven on the street where the collision occurred or on the connecting street traversed by the street car as it approached the point of collision, and there was not any attempt made to show what was the usual speed of the street cars in that vicinity, and under the circumstances we think it may well be said that the plaintiff when coming on the street where the collision occurred noted the situation and estimating the speed at which the respective cars were moving took a chance and that he was negligent under the rule applied in Khoury vs. L. & W. Ry. Co., 140 La. 369, 72 South. 998.

However, if, as contended, the rule applied in the case cited cannot be applicable to persons about to cross a street car track in a city in front of an approaching street car even where it is impossible to determine from the evidence that the street car would not be driven above a certain rate of speed, yet we think it should appear that the situation was such that an ordinarily prudent person could have reasonably believed that he could safely cross.

Conceding that such a situation may be presented where the respective cars are at such distance from the point where their courses converge or intersect, we think that where the evidence shows, as it does in the present instance, that the driver of the automobile could have stopped his car within two or three feet, it was his duty to have observed the situation just prior to coming within such distance of the track which may be termed the danger zone, and that the question of whether or not he was negligent is to be determined relative to the situation presented at that time, rather than the situation presented when he came upon the street, and from this point of view we find that the overwhelming preponderance of the evidence shows that the relative position of the cars was such that prudence should have dictated that he stop his automobile rather than take the chance of passing in front of the street car which, he says, was moving at the rate of twenty miles per hour, while he was driving at the rate of ten or twelve miles per hour.

The motorman was not bound to anticipate that plaintiff would attempt to cross the track in front of the street car, but he had the right to assume that he would stop before placing himself in the perilous position which should have been apparent had he observed the situation just before coming into the danger zone; (Cowden vs. Shreveport Belt Ry. Co., 106 La. 235, 30 South. 303; Sammon vs. N. O. Ry. & L. Co., 143 La. 731, 79 So. 320; McShane vs. N. O. Ry. & L. Co., 137 La. 828, 69 So. 268); and the evidence conclusively shows

that the motorman as soon as he saw that plaintiff would attempt to make the crossing did all that was possible to avoid the accident, and we do not think the doctrine of the last clear chance is applicable.

The judgment appealed from is affirmed.