## GRAGNON v. CITY OF NEW ORLEANS

———

(June 4, 1928. Opinion and Decree.)
(July 7, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and
Review denied by Supreme Court.)

———

Eugene Saunders, G. B. Harrison, Jr., of New Orleans, attorneys for plaintifff, appellee.

W. McL. Fayssoux, McCloskey and Benedict, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, an elderly lady who resided in Algiers, was injured in crossing the tracks of the Public Belt Railroad operated by the City of New Orleans. A jury awarded her $8675.00 as damages for personal injuries and the City of New Orleans, defendant herein, has appealed.

The accident occurred at the foot of Canal Street at about 5.30 p.m., January 19, 1922. Plaintiff, in company with her daughter, was walking toward the ferry landing intending to cross the river to Algiers. It appears that there is a plank walk crossing the several tracks on the river front for the use of pedestrians and that as plaintiff and her daughter neared the tracks a slowly moving train of the Public Belt was approaching and that plaintiff found herself in a position of peril and either fell down or was knocked down by being struck by the side of the engine, which was pulling the train. It is not clear as to exactly how she was injured, but, it is immaterial, because, if plaintiff's dilemma was due to the fault of defendant, the responsbility for the consequences of a fall caused by terror and excitement would be as great as if the injury were due to a fall caused by striking the engine.

There is the customary conflict in the evidence. Plaintiff and her daughter testify that there was no warning of the approach of the train and no flagman, where a flagman should have been. The train crew assert that the flagman was at his post and warning bells were ringing continuously.

On one point all are agreed. There was a box car parked on the crossing. Plaintiff says there were three box cars and that their presence obscured her view and caused the accident. Defendant concedes the presence of one box car but denies that it would have caused the accident and insists that it was plaintiff's duty to

peer around the box car before attempting to cross. Citing Bornhill vs. Texas & Pacific R. R. Co., 109 La. 43, 73 So. 65; Sutton vs. Lee Logging Co., 121 La. 557, 46 So. 649; 33 Cyc. p. 1018.

The cases cited, if they be pertinent in other respects, deal with the question of contributory negligence. We quote from the Bornhill case, a case which is closest in analogy:

"If the box car upon the switch was in close proximity to the crossing it was Barnhill's duty to have peered around its side cautiously before venturing upon the main track, and had he done this there was nothing to have prevented his observing the approaching train."
"To have stepped suddenly from behind the box car on the main track was the height of imprudence."
·"A plaintiff who has contributed proximately to an injury cannot recover even if he succeeds in proving fault on the part of another."

But in the case at bar there is no plea of contributory negligence, consequently we are only concerned with defendant's negligence vel non.

Whether proper signals were given or not, we are unable to determine from the evidence, all of which is given by interested parties. But defendant accepts full responsibility for the presence of the box car where it served to obscure the view of the approaching train. It may be that plaintiff should have exercised greater caution and perhaps she should have "peered around its side cautiously before venturing upon the track" but we are relieved from considering her contribution to the accident, since we are convinced that defendant was negligent in permitting its box car to remain on the crossing while ·its train was approaching without giving extraordinary warning. We are not satisfied that the flagman functioned properly, for

it would be very remarkable for an elderly lady and her daughter to have disregarded his admonitions or signals given verbally or by gestures.

In Mitchell vs. Illinois Central R. R. Co., 110 La. 630, 34 So. 714, it was said:

"It would seem that where a railroad company has stationed a flagman at a public crossing for the purpose of warning persons about to cross the tracks, the public have the right to rely (not absolutely, perhaps, but reasonably so, upon the flagman to give proper notice and warning of danger."

In Roby vs. Kansas City Southern, 130 La. 880, 58 So. 701, the Court held:

"Our conclusion is that the chauffeur had the right to expect that, if there was any approaching train, which threatened danger, the flagman would be out in front of the crossing with his red flag to warn him of it (just as, in places where they use 'gates' or bars which drop down across a street upon the approach of a train, persons using the street have the right to expect to see the bars in place if a train is approaching), and that the failure of the flagman to be there and give the warning was the negligence to which the accident must be attributed."

The flagman should have been on the city side of the box car or cars in order that pedestrians might be warned of the coming train under circumstances affording an opportunity to avoid the danger. In other words, the pathway being obstructed and view interfered with by the presence ·of the box car more than the customary precaution was necessary and duty of extraordinary care imposed on the carrier. The failure of defendant to exercise such care results in liability.

The amount allowed is plainly excessive. The claim of $6400.00 for damages to her drug business alleged to be due to plaintiff's inability to conduct the business after

the accident if it could be said to be established cannot be considered because too remote. We are referred to no authority in support of the claim and it seems to be abandoned. Plaintiff's arm was broken and there were contusions and according to the testimony some nervousness due to the accident. But she has recovered practically the normal use of her arm.

We believe $1250.00 a proper award.

The judgment appealed from is amended by reducing the amount awarded plaintiff to $1250.00 and as thus amended it is affirmed.

---

### ON PETITION FOR REHEARING

Per Curiam.

Defendant charges us with error in holding that no plea of contributory negligence was made. We find the following paragraph in its brief:

"There is purposely no plea of contributory negligence on our part; the allegations in the answer are that the train was properly manned, properly equipped and properly operated, and that the defendant maintained at the moment a flagman at the public crossing."

It is contended that plaintiff is charged with negligence in its answer, and, that this averment must be given the same effect as a formal plea of contributory negligence. Without discussing this point we interpret the quoted paragraph as an abandonment of any plea or contention of negligence upon plaintiff's part, particularly since in argument no such defense was made nor is there any qualification or reservation in the quoted paragraph.