GARDINER v. DE SALLES

(March 10, 1930. Opinion and Decree.)
(April 7. 1930. Rehearing Refused.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellee.

R. A. Tichenor, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by plaintiff, a roomer, against defendant Galiano, as landlord and defendant De Salles, as owner, in solido, to recover damages for personal injuries alleged to have been sustained by the plaintiff on September 26, 1927, when a section of the bannister of the gallery on the second floor gave way and precipitated plaintiff to the sidewalk. Defendants, separately, filed exceptions of no cause of action, which were overruled. Each defendant then filed an answer denying liability, and specially pleading contributory negligence on the ground that plaintiff put an unusual strain on the balustrade by unreasonably and unduly leaning over it. The defendant, De Salles, owner of the building, further specially pleaded:

That the building had been rented to Galiano under a written lease dated December 22, 1926, for a period of twelve months, and that the lease contained the following provisions:

"That no sub-lease could be made without the written consent of the lessor. * * *

"Lessor will not be responsible for damages caused by leaks in the roof, by bursting of pipes, by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action towards the remedying of such defects within reasonable time after having written notice from lessee of such defects and the damage caused thereby. Should lessee fail to promptly notify lessor in writing, of any such defects, lessee will become responsible for any damage resulting to lessor or any other parties.

"The premises herein leased are to be used for the following purposes: Soft drink stand."

That plaintiff was not lawfully on the premises, and that defendant did not owe plaintiff any duty of keeping the building in a proper state of repair.

There was judgment in favor of plaintiff against defendants, in solido, in the sum of $750. Only De Salles has appealed.

The record shows that the plaintiff rented a room from Galiano, in a building situated in the rear of the soft drink stand upon which Galiano had a lease. On September 26, 1927, plaintiff was standing on the front gallery, which overhung the sidewalk and located on the second floor of the building, with her arms resting on the balustrade. Plaintiff playfully drew back her arm as if to throw something at a friend passing on the sidewalk, and suddenly the balustrade on which she was leaning, as well as a whole section of the bannisters between two posts on the gallery, gave way, and plaintiff, together with the section of the bannisters, fell to the ground, a distance of twelve to fourteen feet. She was immediately taken into the building and from there to the Charity Hospital, where she was treated for her injuries. The preponderance of the evidence shows that the section of the bannisters either gave way as a result of its decayed condition, or because it was insecurely fastened.

We fail to find that plaintiff was guilty of contributory negligence. She is a woman weighing about 140 pounds, and we do not find that she placed any unusual strain upon the balustrade in leaning upon it. The case is squarely covered by Boutte vs. N. O. Terminal Co., 139 La. 945, 72 So. 513, 516. In that case, the mother of the plaintiff was killed by the collapse of a part of the balcony of the house which she occupied as lessee of the defendant. The court held that the defendant was liable under the provisions of articles 670, 2322, and 2695 of the Civil Code, for damages resulting from neglect to keep the building in a proper state of repairs. The court further held that the burden of proving contributory negligence was on the defendant, and then said:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."

It is doubtful if the written lease covers the premises, 410 North Derbigny Street, from the gallery of which plaintiff fell, as the property leased is described in the lease as "1733 Conti St., corner of North Derbigny Street." But let us assume that the lease does cover the premises, 410 North Derbigny Street, a view most favorable to the defendant, nevertheless the special defenses will not relieve the defendant of liability.

The questions raised by the special pleas, that Galiano, as lessee, could not make any sub-lease without the written consent of the lessor, and that the lease contained a provision that the owner, as lessor, would not be responsible for damages caused by any vice or defects unless in case of positive failure to remedy same after written notice, and that lessee, Galiano, was responsible for the damages which plaintiff might have suffered are fully covered by the case of Klein vs. Young, 163 La. 59, 111 So. 495, 496. In that case the court held that the plaintiff, who was injured while a "roomer or a lodger" in the premises, where the lessee was prohibited from making any sub-lease without the consent of the landlord, was lawfully in the premises, because she was a roomer or lodger and not a sub-tenant, and, therefore, there was no violation of

the provision in the lease prohibiting sub-leasing by the landlord or lessor. The court further held (syllabus):

"Owner of building cannot, by contract with lessee, escape responsibility for obligations arising ex delicto to one renting a room from lessee, and injured when stairs gave way, under Civ. Code, arts. 670, 2315, and 2322, creating liability in damages for injuries to others, resulting from owner's neglect to keep building in repair; articles 2693-2695 being inapplicable."

This brings us to the last special defense that, under the written lease, the building was to be used as a soft drink stand and therefore the plaintiff was unlawfully in the building. The written lease only restricts the premises "1733 Conti Street, corner of North Derbigny Street" to the use of a soft drink stand, but does not limit or restrict the premises 410 North Derbigny Street for that purpose. It further appears that the defendant, De Salles, knew that Galiano was renting rooms in the premises, 410 North Derbigny Street, to roomers or lodgers and did not object thereto. We are of the opinion, therefore, that this defense is without merit.

As to the quantum, the doctor who treated plaintiff testified as follows:

"Q. What injuries do those plates show? "A. Two views of the left forearm show a comminuted fracture at the base of the radius, a fracture of the styloid process of the ulnar, with position of the fracture perfect. The other plate shows a fracture at the surgical neck of the right humerus, with rotation of the head of the bone outward."

The record further shows that plaintiff was confined to bed in the hospital for three weeks with severe pain, and went to the outdoor clinic for about three months; that she suffered stiffness in her arm for a considerable period after the injury. She was thirty years of age at the time of her injury and earned about $10 a week as a cook in a restaurant. The judge, a quo, allowed the sum of $750 for both the injuries and loss of earnings, and under the circumstances, we believe this amount to be reasonable.

For the reasons assigned, the judgment appealed from is affirmed.