CHAPMAN v. MOORE

(May 2, 1932. Opinion and Decree.)

M. C. Scharff and Frank Macheca, of New Orleans, attorneys for plaintiff, appellee.

Hubert M. Ansley, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff brings this suit against Thomas F. Moore for damages for personal injuries alleged to have resulted from a fall through the second floor gallery of the premises No. 1601 Chippewa street, owned by the defendant Moore.

There was judgment below in plaintiff's favor in the sum of $1,144 and defendant has appealed.

On the question of liability, the defendant seems to rely entirely upon the contention that the accident did not happen and, his argument in this regard is based largely upon the ground that there was immediately under the hole in the gallery, through which plaintiff alleges she fell, an ice box upon which there rested a bowl of starch measuring about twelve inches in diameter and that the bowl of starch was undisturbed by her fall. In other words, the defendant claims that the fall could not have happened without upsetting the starch

which was directly under the aperture in the gallery. Whatever may have been the situation with respect to the starch and the ice box, the evidence in the record is overwhelmingly to the effect that plaintiff did fall in the manner which she claims. She was a sub-tenant of the defendant and occupied a room on the second floor which was approached by means of a small gallery, through which she fell. The hole in the gallery was caused by loose planking which was dislodged by the weight of plaintiff's body as she stepped upon it, although the planks themselves, which have been offered in evidence, seem strong enough to have supported many times plaintiff's weight. The trouble seems to have been that they were not secured. At any rate, at least two witnesses testified to seeing the hole in the gallery and plaintiff reclining upon the brick pavement below. She was transported to the Charity Hospital in an ambulance where she remained some 46 days.

We, like the trial court, are convinced that the accident happened in the manner claimed, and, since there is no other defense we find the defendant liable.

Plaintiff's injuries consisted of a fracture of the surgical neck of the right humerus and contusions and brush burns. Her physician, testifying some eight months after the accident, stated that there was a decided impairment in the muscular function of her right arm which he estimated to be about 25 per cent of normal. He also stated that in the course of time this condition would right itself. Plaintiff's expenses, because of the accident, amounted to the sum of $160. She was a woman 48 years of age. It seems to us that the amount allowed by our brother below was correct.

For the reasons assigned the judgment appealed from will be affirmed.