The lower court allowed for these injuries and for incidental damages and expenses the sum of $597.25. We do not think this amount excessive.

The judgment of the lower court is accordingly affirmed; defendant to pay all costs of both courts.

## HUMBLE v. TARVER et al.
### No. 4417.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

John C. Hollingsworth, of New Orleans, and W. E. McBride and A. K. Goff, Jr., both of Ruston, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellee.

MILLS, Judge.

This suit arises out of the same accident which was the basis of the demand in the case of Mrs. Lucy Buie Price v. F. H. Tarver et al. (La. App.) 148 So. 450, this day decided, the present case being consolidated with the Price Case for the purpose of trial and argument. All the issues in the case have been concluded by the judgment in the Price Case, except the quantum of damages.

Mrs. Humble was confined to her bed for two days and to her home for two weeks, undergoing treatment all the time for her nerves. She was badly bruised all over and suffered a hemorrhage from the nose and ear. Her right eye was completely closed from bruises and her lower lip was bruised and lacerated. Her upper chest was bruised and injured and, besides a slight concussion of the brain, she suffered a most severe nervous shock. Her extreme nervousness continued for some time after the accident. For these injuries, and for incidental damages and expenses, the lower court allowed the sum of $500.65.

We do not think this allowance unreasonable and therefore affirm the judgment of the lower court; defendant to pay all costs of both courts.