## FULMER v. LOUISVILLE & N. R. CO.
### No. 14799.

Court of Appeal of Louisiana. Orleans.
Jan. 29, 1934.

Denegre, Leovy & Chaffe, of New Orleans, for appellant.

Feitel & Feitel, and John E. Parker, all of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit for damages for personal injuries alleged to have resulted when one

of the special officers of the defendant railroad company illegally and without provocation assaulted plaintiff with a club on the night of February 24, 1933, while he was in the act of boarding one of its freight trains in its railroad yards for the purpose of going to Biloxi, Miss. The defendant admits that the plaintiff sustained a fracture of one of the bones of his right arm, but denies that its officer or watchman assaulted the plaintiff and caused the injury complained of.

The jury rendered a verdict in favor of the plaintiff, and the defendant has appealed.

The plaintiff testified that on February 24, 1933, at about 9 o'clock on the night in question, he entered the Gentilly Railroad yards of defendant and there met several "hoboes" alongside of the track where a freight train was being made up; that, just before the train was ready to leave, the men separated for the purpose of boarding the train, leaving plaintiff and one of the group by the name of John Toranto; that, as these two parties stood between the tracks on which there were railroad cars, Fred Heide, special officer for the defendant, came towards them, his presence being unobserved, until he was about ten feet away from him; that Heide flashed his light on plaintiff and began to curse and abuse him and struck him on the right arm near the wrist with a heavy stick; that plaintiff ran from Heide, who followed him, cursing him and hitting at him with the stick, forcing him to cross a large ditch or canal and jump over a fence out of the company's property; that he walked about one-half mile to the Industrial Canal bridge, where a motorist took him in his machine to the Charity Hospital where he was treated for the injury.

Johnny Toranto testified that he was in the company's yards for the purpose of boarding the same train in order to go to Mobile, Ala.; that Heide appeared as the men were between the cars getting ready to board the train, and, without any cause or provocation, began to curse, abuse, and hit the plaintiff, who ran with Heide in pursuit; that, as Heide appeared, he (Toranto) hid in between two of the cars on one of the tracks; that, after chasing plaintiff, Heide returned and threw the stick at him, but that he eluded Heide.

Dr. M. D. Massengill, who was connected with the Charity Hospital at the time, stated that on the night of February 24, 1933, plaintiff was admitted to that institution for treatment for a comminuted fracture, i. e., a fracture in which the edges of the bone are splintered, of one of the bones in his right arm, and that such an injury would ordinarily result from a blow with a heavy stick.

Mr. Heide testified that at the time of the alleged assault he was at another point about four miles from the scene of the trouble; that he did not see the plaintiff on the night in question; and denied that he assaulted him.

Two other witnesses for the defendant testified as to the location of the tracks, ditch, lights, etc., at the scene, but they were admittedly not present when the trouble is said to have occurred.

The defendant contends that the verdict of the jury is manifestly erroneous, because the story told by the plaintiff and his witness, Toranto, is quite improbable, because Mr. Heide would have to be a very callous person to assault and beat, without provocation, a mere trespasser, and further attacks plaintiff's version of the matter by pointing out discrepancies between his testimony and Toranto's with reference to certain details of the affray and the locus in quo.

The question presented is one of fact involving the credibility of witnesses. There is ample evidence in the record to support the conclusions of the jury, particularly in view of the corroborative circumstances that the plaintiff was injured and treated at the hospital the same night at which time he complained that the fracture resulted from being struck with a stick and further the positive identification of Mr. Heide by the plaintiff and his witness, John Toranto, as the one who committed the assault and battery. We find nothing in the record which would warrant us in saying that the conclusion of the jury is manifestly erroneous.

The evidence is uncontradicted that the plaintiff suffered a comminuted fracture of the lower third of the right arm, i. e., a fracture of the smaller bone of the forearm known as the ulna; that he suffered intense pain from being forced to run across the ditch or the canal, jump the fence, and walk one-half a mile where he was given assistance. His arm was placed in splints and later in a plaster cast which was subsequently removed and physiotheraphy treatments administered. He was attended nine times; the last treatment being given on March 31, 1933. At the time of the trial he still complained of pains in the arm when it rained, got cold, or when he attempted to do heavy work. X-ray pictures showed that there was good union, and the medical testimony showed that recovery was uneventful. The jury allowed the sum of $1,945. The claim is for assault and battery and pain and suffering. There is no claim for medical expenses or loss of earnings. We are of the opinion that the amount allowed is excessive and that it should be reduced to $1,000, which we believe to be fair and reasonable. Nuss v. City of New Orleans (La. App.) 147 So. 374; Gardiner v. DeSalles, 13 La. App. 83, 126 So. 739; Long v. White (La. App.) 146 So. 368; Chapman v. Moore, 19 La. App. 566, 141 So. 431; Kird v. New Orleans & N. W. Ry. Co., 109 La.

525, 33 So. 587, 60 L. R. A. 727, 94 Am. St. Rep. 452; Gragnon v. City of New Orleans, 9 La. App. 76, 118 So. 791.

For the reasons assigned, the judgment appealed from is amended by reducing the amount allowed plaintiff from $1,945 to $1,-000, and, as thus amended, it is affirmed; defendant to pay all costs.

Amended and affirmed.

JANVIER, Judge (concurring).

The record leaves me extremely doubtful of the truthfulness of plaintiff's story, but I concur in the decree because I cannot say that the verdict of the jury is manifestly incorrect.