The plaintiffs, James Gray and his wife, Victoria Gray, alleging that they were tenants of the premises No. 2008 Spain Street, this City, bring this suit against the owner of the property, the Succession of Louis Spiro, for damages and expenses due to physical injuries sustained by Victoria Gray. It is alleged that on September 16th, 1940, while she was attempting to go down the front steps of the leased premises, Victoria Gray placed her hand on a post which gave way and caused her to fall to the ground, a distance of about three feet. Victoria Gray claims $3,000 and James Gray $120 as medical and other expenses incurred because of the injury to his wife.
A number of defenses were presented below, none of which prevailed.
Following a trial on the merits there was judgment in favor of Victoria Gray in the sum of $600 and in favor of James Gray in the sum of $60. The defendant has appealed.
The defendant in this Court relies upon the contention that there is no evidence in the record to prove that the accident was caused by the defective post and, in the alternative, a plea of contributory negligence. All other defenses have been abandoned.
The evidence is overwhelming to the effect that the post did give way and that Victoria Gray was precipitated to the pavement where she was found with the post lying across her prostrate body. It is suggested, however, that Victoria's fall was caused not by the collapse of the post, but by an epileptic seizure. This contention is not raised in the pleadings and, when evidence was offered below tending to prove that she suffered from epilepsy, it was timely objected to. The objection was overruled and the record of the Charity Hospital was introduced. This record, if admissible, shows that Victoria Gray went to the hospital in November, 1940, about two months subsequent to the accident, for treatment in connection with her pregnancy and subsequent delivery of her eighth and last child, for she was sterilized thereafter. In the history of the case, as written by one of the examining physicians, there occurs a statement that for eight years Victoria Gray suffered from epilepsy, whenever pregnant. This statement was, of course, based upon what Victoria Gray said to the doctor. However, she denies that she had epilepsy, but, admits that she had weak spells during her pregnancies. Be that as it may, however, there is no evidence to show that she had an epileptic seizure at the time of her fall from the gallery though she was in an advanced stage of pregnancy at the time (her child was born three months later). Neither the pregnancy or weak spells or "fits", as they are called by counsel, are proven to have had anything to do with her fall which, we are convinced, was entirely due to the defective condition of the post.
There is ample proof in the record that the owner knew of the condition of the post and failed to repair it. *Page 94 
So far as the plea of contributory negligence is concerned, it has often been held that mere knowledge of the existence of a defect in the leased premises will not be sufficient to charge a tenant, who is injured because of it, with contributory negligence. Gardiner v. De Salles, 13 La.App. 83, 126 So. 739; White v. Juge, La.App., 142 So. 851; Labat v. Gaerthner Realty Co., Inc., La.App., 146 So. 69.
We conclude that there is liability.
Six Hundred Dollars which the trial court allowed Victoria Gray would seem excessive under ordinary circumstances, since her injuries were very slight, consisting only of brush burns and contusions, but it is evident that the court believed the anxiety which plaintiff was subjected to on account of the possible loss of her child by miscarriage was an important consideration, nevertheless, we think the amount is excessive and should be reduced to $400. The amount awarded James Gray for medical and other expenses as head of the community is not questioned.
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded Victoria Gray from $600 to $400. In all other respects it is affirmed. Costs of appeal to be paid by Victoria Gray, all other costs by defendant.
Amended and affirmed.