76 So.2d 453 (1954)
Mr. and Mrs. Elmo G. CHAMPAGNE, Plaintiffs and Appellees,
v.
Mr. and Mrs. Emmett HEARTY, Defendants and Appellants.
No. 20206.
Court of Appeal of Louisiana, Orleans.
November 8, 1954.
Rehearing Denied January 3, 1955.
*454 Porteous & Johnson, Parnell J. Hyland, New Orleans, for appellees.
Wm. M. Campbell, Jr., Harry R. Cabral, New Orleans, for appellants.
REGAN, Judge.
Plaintiffs, Mr. and Mrs. Elmo G. Champagne, lessees, instituted this suit against the defendants, Mr. and Mrs. Emmett Hearty, lessors, endeavoring to recover the sums of $125 and $2,500 respectively, for medical expenses incurred by Elmo Champagne and personal injuries incurred by his wife as a result of being struck on the back on October 22, 1950, at about 7:45 a.m., when a portion of the plaster fell from the ceiling of their bedroom.
Defendants answered and denied the occurrence of the accident or that they had any knowledge of the defective condition of the ceiling; they then pleaded the contributory negligence of the plaintiffs in that they knew or should have known of the potential hazard.
From a judgment in favor of the plaintiffs awarding Elmo Champagne $20.25 and Mrs. Champagne $750, the defendants have prosecuted this appeal. The plaintiffs have answered the appeal requesting that the judgment be increased to the respective sums of $70.25 and $2,500.
The facts are relatively simple. The plaintiffs were the occupants of one-half of a double cottage, located in 2909-11 Constance Street and, on the morning of October 22, 1950, at about 7:45 a.m., were in bed when a large portion of the plaster in the ceiling of the room fell upon Mrs. Champagne, striking her on the back. At this time Mrs. Champagne was approximately seven months pregnant. About fifteen minutes after the occurrence of the accident, Elmo Champagne called the defendants, who occupied the other half of this double cottage, and Emmett Hearty entered the plaintiffs' premises and observed plaster "all over the bed and a hole in the ceiling."
On December 6, 1950, Mrs. Champagne gave birth to a normal child.
The case posed only a question of fact for the trial judge's consideration and he concluded, after a hearing of the merits, that an accident did occur and that Mrs. Champagne suffered a bruise on her back and anxiety induced over the well-being of her forthcoming baby.
The right of the lessee and his wife to recover against the lessor in an action of this sort is well settled.
"It is * * * recognized that ignorance of the unsafe condition of a structure on the part of the owner, or that he did not, or could not, discover the defective condition, does not relieve him of the duty imposed by the [LSA] Civil Code to maintain his property in a condition of safety to others." Roppolo v. Pick, La.App., 4 So.2d 839, 843.
The defendants contend that the plaintiffs were contributorily negligent in *455 that they knew or should have known of the potentially dangerous condition of the ceiling. There is nothing in the record to indicate that the plaintiffs had any idea that the bedroom ceiling plaster might fall, but even if we assume that plaintiffs did know of this defect, this knowledge could not operate to militate against their recovery.
In Gray v. Sucession of Spiro, La.App., 14 So.2d 92, we said:
"So far as the plea of contributory negligence is concerned, it has often been held that mere knowledge of the existence of a defect in the leased premises will not be sufficient to charge a tenant, who is injured because of it, with contributory negligence. Gardiner v. DeSalles, 13 La.App. 83, 126 So. 739; White v. Judge, La.App., 142 So. 851; Labat v. Gaerthner Realty Co., Inc., La.App., 146 So. 69."
Since the trial judge found that the only physical injury sustained by Mrs. Champagne was a small bruise on her back, it is evident that in allowing her to recover $750 he believed the anxiety which she was subjected to over the well being of her forthcoming child was an important consideration, however, the substance of the case, as reflected in the record, causes us to believe that the award was excessive and should be reduced to $400.
The trial judge also awarded Elmo Champagne the sum of $20.25 for medical expenses, as head of the community. We have been unable to find any proof contained in the record to sustain this award. While it is true that a bill in this amount, from the Touro Infirmary, was offered in evidence, dated "March 19, ___", there is nothing to indicate thereon that this bill was rendered as a result of medical attention received by Mrs. Champagne for the injuries which she incurred by virtue of the accident. We will, therefore, disallow this item of damage.
For the reasons assigned the judgment appealed from insofar as it awarded Elmo Champagne the sum of $20.25, is annulled, avoided and reversed and it is now ordered that there be judgment in favor of defendants dismissing his suit.
It is further ordered, adjudged and decreed that the judgment appealed from insofar as it awarded Mrs. Champagne damages in the sum of $750 is amended by reducing the amount thereof to $400. Costs of this appeal to be borne by the plaintiffs, all other costs to be paid by defendants. In all other respects the judgment is affirmed.
Reversed in part, amended and affirmed in part.