No.——.

First Circuit Appeal.

MRS. M. BECKER v. ILLINIOS CENTRAL R. R. CO.

(June 12, 1925, Opinion and Decree.)
(June 30, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625, 626.** The finding of the trial judge as to the credibility of the witness and the finding on matters of fact; namely, as to the negligence of the agents of the railway company, being clearly correct, is affirmed.

2. **Louisiana Digest—Damages—Par. 104.** $300 is considered sufficient quantum of damages for a sprained ankle which caused the plaintiff to limp for some time.

(Civil Code, Art. 2315, Editor's note.)

Appeal from the Judicial District Court of Louisiana, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

This is a suit for damages for personal injuries caused by the falling of the passenger while alighting from a train. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. L. Ponder, of Amite, attorney for plaintiff, appellee.

Kemp & Buck, of Amite, attorneys for defendant, appellant.

MOUTON, J. Plaintiff sues defendant company in damages for injury to her ankle which she alleges was caused by the negligent act of the flagman of said company while she was alighting from one of its passenger trains at Independence, Louisisana, on the 6th day of October, 1922. She testifies that when she got on the last step of the train coming down, she looked towards the flagman and said: "Will you please let me down", and, that before she had time to step down, the flagman jerked her grip out of her hand, that she then stepped on the stool provided for passengers to alight, and fell down, resulting in the injuries of which she complains.

Jacques Rhoden, a clerk in plaintiff's store, testifies that he had gone to the depot to meet plaintiff, and saw when the accident occurred. He says, he saw plaintiff bend over to say something to the flagman who was standing with his back to the train, and that the latter without turning his face, reached over, grabbed plaintiff's suit case, swung it out of her hand, jerked it, and as she tried to regain her balance she stepped on the little stool which fell over, and that plaintiff "liked" to have fallen down. The flagman testifies that he took plaintiff by the arm when she was coming down the steps of the train, treated her courteously and never jerked the grip or suit case from her hand. Lebarron, an employee of defendant, testifies practically to the same effect, Ralph Pinton, not connected with defendant company, says he was in the waiting room when the train came in, happened to look out of the window, saw the suit case when it toppled over, and paid no more attention to what occurred. Upon being asked if he had seen plaintiff when she stepped on the stool, he answered, "I never paid any attention to it." It is obvious that such testimony as that of Pinton is of little value to what occurred on that occasion in reference to

the accident. The solution of the case must therefore depend on the testimony of the two witnesses for plaintiff and the two for defendant, hereinabove referred to. As their statements are entirely contradictory, a proper decision of the case must rest on the credence to be given to their testimony.

No doubt, the district judge believed the witnesses for the plaintiff and concluded that plaintiff's grip had been wrenched from her hands by the flagman, thus causing the damages, and that defendant was therefore at fault. We can not say that the judge was wrong in reaching this conclusion, as there are not facts or circumstances of record to show that he has fallen into an error in reference thereto. Such being the case, this court will not interfere with this finding of fact below. The defendant endeavored to prove that after plaintiff had alighted from the train she had walked to the depot, and later to her home without showing by her walk or demeanor that she had received any injury to her foot. If this contention of defendant had been supported by proof, evidently there would be good ground to presume or infer that plaintiff had in reality suffered no injury and had not been the victim of the accident upon which her demand is grounded. The record is, however, to the contrary, and shows that she was treated by a physician for the injury to her ankle, that it was bandaged for some time, and that she was seen to limp after the occurrence. This evidence and other facts of record leave no doubt that plaintiff was injured when she alighted from that train, and that she suffered damages resulting from that injury which were caused by the fault of defendant company.

The lower court allowed $300.00 to plaintiff, which we find to be a just award.