CLARK v. GRECO

(April 7, 1930. Opinion and Decree.)
(May 5, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Louis L. Rosen, of New Orleans, attorney for plaintiff, appellee.

John C. Hollingsworth, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by a tenant against her landlord for damages for personal injuries sustained by her by reason of a fall caused by a defective plank in the floor of the gallery of the leased premises. There was judgment below for plaintiff in the sum of $1,208, and defendant has appealed.

Since the appeal, plaintiff died, and her legal heirs, consisting of her mother, father, and seven brothers and sisters, have been made parties plaintiff by proper motion.

The defense in this case, like that in Goldstein vs. Stone, 12 La. App. 702, 127 So. 73, decided March 24, 1930, is based upon the theory that article 2694 of the Civil Code imposes an obligation upon the tenant to make necessary repairs in the event the landlord fails to do so. Our answer to this contention here must be the same as it was in the cited case, where we held that the article of the Code referred to confers upon the tenant the privilege, but does not impose the obligation, of making the repairs. The interesting discussing of the genesis of the codal provision referred to and its comparison with a similar article in the Code Napoleon, contained in defendant's brief, is a tribute to the industry of counsel, but the question involved is now settled beyond controversy, whatever may have been the early jurisprudence. Shelton vs. Masur, 157 La. 621, 102 So. 813; Breen et ux. vs. Walters et al., 150 La. 578, 91 So. 56; Landry vs.

Monteleone, 150 La. 546, 90 So. 919; Ciaccio vs. Carbajal, 145 La. 869, 83 So. 73; Allain vs. Frigola, 140 La. 982, 74 So 404; Brown vs. Losch, 8 La. App. 278; Evans vs. Hollander, 2 La. App. 409. The cases of Bianchi vs. Del Valle, 117 La. 590, 42 So. 148, and Brodtman vs. Finerty, 116 La. 1103, 41 So. 329, where the court held that express provisions of the Code required the lessee to repair windows, shutters, etc., and that the failure of the tenant to make such repairs would bar recovery for damages occasioned thereby, are not in point. Our conclusion is that the defendant is liable.

On the question of quantum, we adopt the views of the judge, a quo, and quote the following from his reasons for judgment:

"The plaintiff is a comparatively young negress, energetic and thrifty. She was operating at the leased premises, where the accident occurred, a rooming house, and at another location a lunch room. Her injuries were serious and incapacitated her for a period of 24 weeks or more. The proof of her financial loss in the lunch room business, occasioned by her injury, is not sufficiently definite to enable me to predicate any fixed amount of damages for same, although I believe that she did sustain some loss on this account. It is not reasonable to suppose that a woman of her type would have conducted the lunch room unless it netted some profit. Her husband attempted to operate it after her injury but failed.

"I am of the opinion that a sum of $1,000.00 for her physical injuries, pain and suffering, is justified by the awards in other cases.

"I believe that she is also entitled to recover the sum of $168.00 which the testimony shows she paid, during these 24 weeks, to a negro girl who conducted the rooming house for her and performed the work incident to its operation.

"The testimony shows that she paid her mother, for nursing and waiting upon her, the sum of $40.00. Considering the plaintiff's inability to care for herself, from the nature of the injury, this amount is not excessive and should also be recovered.

"For the foregoing reasons, there will be judgment for $1,208.00 in favor of plaintiff, with legal interest from judicial demand."

For the reasons assigned, the judgment appealed from is amended so as to have the judgment run in favor of John Clark, Mary Williams, wife of John Clark, Virginia Clark, wife of Henry Singleton, Lawrence Clark, Israel Clark, John Clark, Jr., Elvin Clark, Kidridge Clark, and Ernest Clark, heirs of plaintiff, deceased, and in other respects it is affirmed.