RICHARD v. TARANTINO

(January 5, 1931. Opinion and Decree.)

Joseph Rosenberg, of New Orleans, attorney for plaintiff, appellant.

Gasper Bossetta, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Petitioner, claiming to have sustained injuries while occupying a room in certain premises, owned by defendant and leased to petitioner's mother, alleged that for some five months prior to the accident there had been a large hole in the flooring, and that, in attempting to sit on a chair, she fell because one of the legs of the chair went through the hole.

Defendant filed an exception of no cause of action, and, in support thereof, contended that, if the hole was a large one and had existed for five months to the knowledge of plaintiff, she was guilty of contributory negligence in so placing the chair that one of the legs was over the hole.

That plaintiff herself was not the tenant is, of course, of no importance, because, although for several years the doctrine announced in McConnell v. Lemiey, 48 La. Ann. 1433, 20 So. 887, 34 L. R. A. 609, 55 Am. St. Rep. 319, prevailed in this state, and although under it a landlord was liable only to his tenant, still in Schoppel v. Daly, 112 La. 201, 36 So. 322, that doctrine was overruled, and it is now held:

"That the obligation imposed upon the owner of a building to answer in damages to a person injured by neglect of the owner to keep his building in repair arises ex delicto, and that the right of action, being in tort, is in favor of one who is injured while lawfully on the premises or inside of the building as well as in favor of neighbors and passers-by." Klein v. Young, 163 La. 59, 111 So. 495, 496.

The allegations of the petition, with reference to the happening of the accident are as follows:

"Petitioner shows that on or about January 12th, 1930, at the hour of 5:00 o'clock P. M., petitioner endeavored to sit on a chair in said room and that there was a large hole in the flooring, which said hole was caused by the use, wear and tear of said premises, and that as petitioner endeavored to sit on said chair, one of the legs of the said chair went through the said hole, and the said chair tilted and petitioner was thrown therefrom, with much force and violence to the floor."

It is rather difficult to understand how plaintiff, with knowledge that a large hole had existed for five months, could, without negligence on her part, place the chair so that one of its legs would fall through the hole. Nevertheless, to assume that she saw the hole, or realized its presence, and, notwithstanding this, put one of the legs of the chair over it, is to assume that she intentionally caused the accident.

The legal principle involved in such a situation is very similar to that which the Supreme Court discussed in Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513, 516, in which it was alleged that the person killed as a result of defective balustrades had knowledge of the defect.

In that case, defendant argued that the using of the gallery, and particularly the leaning against the defective balustrades, constituted contributory negligence. The court said:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide."

Similarly here, to assume that plaintiff realized that the hole was present, and nevertheless placed her chair over it, would be, as we have said, to assume that she deliberately injured herself. There is no doubt that the primary obligation of the landlord is to keep his premises in repair, and that he is liable for accidents resulting from defects such as that complained of here. Ciaccio v. Carbajal, 142 La. 125, 76 So. 583; Brodtman v. Finerty, 116 La. 1103, 41 So. 329; Bianchi v. Del Valle, 117 La. 587, 42 So. 148; Cristadoro v. Von Behren's Heirs, 119 La. 1025, 44 So. 852, 17 L. R. A. (N. S.) 1161; Thomson v. Cooke, 147 La. 922, 86 So. 332; and Harris v. Tennis, 149 La. 295, 88 So. 912. Therefore, when the injured party has shown that the defect existed, the burden is shifted to defendant to exculpate himself, and his attempt to do so by showing contributory negligence on the part of plaintiff places on him the burden of proving or sustaining this special defense.

In Boutte v. New Orleans Terminal Co., supra, the court said:

"The defendant's plea of contributory negligence, however, is a special defense; the burden of proof of which is shifted to the defendant when the plaintiff proves, prima facie, that the injury resulted from the defendant's negligence."

It may be that the hole was located in a dark spot, or that for some other reason plaintiff's attention was not, at the time directed to it. At any rate, the burden is on defendant to show that plaintiff was contributorily negligent, and this does not, in a situation of this kind, result from the mere fact that a hole existed, and that plaintiff had knowledge of it. We think the case should be remanded for trial on the merits.

It is therefore ordered, adjudged, and decreed that the matter be, and it is remanded to the First city court for further proceedings according to law and not inconsistent with the views herein expressed.