VANOSBY v. CREIDMAN

(January 5, 1931. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellee.

Sidney G. Roos, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit for damages for personal injuries alleged to have been sustained on December 3, 1928, by the plaintiff as a tenant occupying a room on the second floor of a frame dwelling owned by the defendant, as a result of the balustrade and posts supporting it giving away as plaintiff attempted to descend the steps from the second floor to the ground floor.

The defendant answered denying generally the allegations of the petition and particularly that the plaintiff occupied the premises as a tenant.

There was judgment in favor of the plaintiff in the sum of $250 and $18 for doctor's bills, and the defendant has appealed. Plaintiff has answered the appeal and asked that the award be increased.

The facts as we gather them from the record are as follows: The plaintiff is a colored man and occupied a room on the second floor of the building owned by defendant. He had been living in the room with his "common law wife" for a period of about two months prior to the time of the accident. In order to go to and from the room it was necessary that he use a small gallery from which extended a flight of stairs which led from the porch to the ground. The distance between the second floor and the ground is about fifteen feet. On December 3, 1928, at about noon, while the plaintiff attempted to descend the steps, the left-hand balustrade, and the posts that supported it both on the gallery and on the ground, gave way, causing him to fall into the yard, and rendered him unconscious and caused the injuries complained of.

We are of the opinion that the plaintiff has proved by a preponderance of the evidence that the balustrade and posts gave way due to the fact that the lower portion of the posts were in a decayed condition and insecurely fastened.

We further find that the evidence preponderates in favor of plaintiff that he was the one who was renting the room from the defendant, and not his "common law wife," as contended by defendant. This, however, is of no importance. Klein v. Young, 163 La. 59, 111 So. 495.

Under the jurisprudence to the effect that a landlord is bound to know if his building is safe for the purpose for which he rents it and if a tenant, or person lawfully therein, is injured as the result of vices and defects, whether of original construction or because of failure to make proper repairs, under articles 670 and 2322 of the Civil Code, he is answerable in damages. Breen v. Walters, 150 La. 578, 91 So. 50; Klein v. Young, supra.

As to the quantum, it appears that the plaintiff was engaged by the Federal Barge Lines at a daily wage of $3.60; that he worked on an average of from three to six days a week and often made overtime; that he was unable to work for a period of about two months. He claims $100 for loss of wages, and this item will be allowed. The evidence establishes that the plaintiff was rendered unconscious by the fall and suffered from bruises and sprains to the right shoulder, hip, and back, and a

bruised condition of his face and right arm, and that these injuries were painful, but not permanent. The judge of the lower court allowed therefor the sum of $150, and we believe this amount to be reasonable. The sum of $18 for doctor's bill will also be allowed.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.