DIVAS v. NOTO

(April 27, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)

R. A. Dowling, of San Antonio, Texas, and W. R. Kinsella, of New Orleans, attorneys for plaintiff, appellant.

Charles A. Danna, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit by a tenant to recover from the landlord damages for alleged personal injuries said to have resulted from falling through the flooring of the gallery on the second story of the leased premises. The defendant denied liability and specially pleaded contributory negligence, averring that she had warned the plaintiff not to use the gallery, but that, in disobedience to this admonition, plaintiff had done so.

There was judgment in favor of the defendant dismissing the suit, and plaintiff has appealed.

The defendant admits the relation of landlord and tenant between herself and plaintiff. The plaintiff proved by a preponderance of the evidence that she walked upon the gallery for the purpose of hanging out some clothing, and that her left

leg went through one of the boards, due to the fact that one of the supports gave way on account of its rotten condition. In short, plaintiff proved a prima facie case.

The defendant then undertook to establish that the plaintiff was guilty of contributory negligence in failing to heed the warning not to use the porch on account of its decayed condition. The defendant and her daughter, who collected the rent, both testified that this warning was given on Sunday preceding the Wednesday on which the accident happened. On the contrary, the carpenter and plaintiff testified that the warning was given after the accident. Defendant bore the burden of establishing the special plea, but it would appear to us that she has failed to do so by a preponderance of the evidence.

Counsel for defendant places great stress upon the fact that plaintiff admits that she knew the gallery was in a rotten condition, and hence that she was guilty of contributory negligence in going upon it. Plaintiff testifies that she went upon the portion she regarded as safe.

In the case of Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513, 516, in which the deceased knew the gallery was rotten, the court, after having pointed out the responsibilities of the landlord to the tenant under the provisions of articles 670, 2322, and 2695 of the Civil Code and further that the defendant bore the burden of proving a special plea of contributory negligence, said:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."

See, also, Gardiner v. De Salles, 13 La. App. 83, 126 So. 739; Richard v. Tarantino, 15 La. App. 311, 131 So. 701; Vanosby v. Creidman, 15 La. App. 488, 131 So. 702; Klein v. Young, 163 La. 59, 111 So. 495; Breen v. Walters, 150 La. 578, 91 So. 50; Brown v. Losch, 8 La. App. 278.

In the light of the foregoing authorities we are of the opinion that defendant is liable.

As to the quantum, the record shows that the plaintiff was not badly or seriously injured, but she suffered bruises and contusions of her knee, and from the medical testimony we gather that she was able to go about, but limped, and that her period of disability was about three weeks. For the pain and suffering and injury we will allow the sum of $150. She also had to hire a cook to replace her in her boarding house business, at an expense of $12. The drug bill was $3. These items are also allowed. Brown v. Losch, 8 La. App. 278; Nash v. Canal & C. R. Co., 52 La. Ann. 1199, 27 So. 661.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of Clara Divas, plaintiff, and against the defendant, Mrs. Peter Noto, in the full sum of $165, with legal interest from judicial demand until paid, at the cost of defendant.