## WHITE v. JUGE.
### No. 14134.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Arthur Landry, of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

WESTERFIELD, J.

The plaintiff in this case claims that while a tenant of the defendant she was injured by falling through a rotten floor on the back gallery of the leased premises. Her injuries are alleged to have consisted of a sprained back, bruised breast, laceration and bruises of her leg and foot, and a miscarriage, she, it is alleged, having been pregnant at the time, and the fall caused her to abort. She claims $15,000.

Defendant admitted the ownership of the premises, but denied all knowledge of the defective condition of the gallery through which plaintiff is alleged to have fallen; however, "should it be proved that a board of the floor of said back porch broke, as alleged, and plaintiff was injured as alleged, defendant is not responsible to her in damages, inasmuch

as the necessary repairs to said board were such as plaintiff, as alleged lessee, should have caused to be made, under the provisions of articles Nos. 2715 and 2716 of the Revised Civil Code of Louisiana"; and, further, "defendant is not responsible to her in damages, is (in) as much as the defect to said board was apparent, and plaintiff knew that said board was defective, and in walking thereon, contributed to the accident, and this prevents a recovery for injuries alleged to have been sustained."

There was judgment below in plaintiff's favor for $1,061; $1,000 for the miscarriage, $52 for medical expenses, and $9 for drugs. Defendant has appealed.

The evidence establishes to our satisfaction that the gallery was defective; that plaintiff fell, as alleged in the petition; and that she suffered a miscarriage.

■ Upon the legal question raised by defendant to the effect that it was the duty of the tenant to cause the repairs to be made the jurisprudence for a number of years has been to the contrary.

■ Nor is it contributory negligence for a tenant to use a floor known to be in a defective condition.

"Tenant is not required to test strength of floor before walking on it. Even if a tenant knew that a floor was in bad condition, she was not obliged to have its strength tested before she ventured to walk upon it, and is not contributorily negligent because she did go thereon.

"Failure of tenant to make repairs and deduct from rent is not contributory negligence. Though Civ. Code, art. 2694, authorizes the tenant to make repairs which it is the duty of the landlord to make under article 2693, and not the duty of the tenant to make under article 2716, and to deduct the cost thereof from the rent, it imposes no obligation upon the tenant to make such repairs, and her failure to do so is not contributory negligence."

Landry v. Monteleone, 150 La. 546, 90 So. 919 (Syllabus).

"No duty rests on tenant to repair balcony in absence of custom. In the absence of a custom to that effect in the community, it is not the duty of a tenant to repair the balustrade of a gallery, and failure to make such repairs is not an act of negligence, under Civ. Code, arts. 2692, 2695, 2716, 2717." Breen et ux. v. Walters et al., 150 La. 578, 91 So. 50 (Syllabus).

See, also, Allain v. Frigola, 140 La. 982, 74 So. 404; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; Shelton v. Masur et al., 157 La. 621, 102 So. 813; Evans v. Hollander, 2 La. App. 409; Brown v. Losch, 8 La. App. 278; Clark v. Greco, 13 La. App. 660, 127 So. 647; Divas v. Noto, 17 La. App. 177, 134 So. 275; Thompson v. Moran et al., 19 La. App. 343, 140 So. 291.

■ As to the quantum, the plaintiff was confined to her bed for eight weeks, suffered considerably from bruises to her leg and chest, and miscarried. The amount allowed below is reasonable and, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.