### CHUTZ v. BERGERON et al. *
### No. 14249.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

---

Gill & Simon, of New Orleans, for appellant.

Stanley McDermott and E. M. Robbert, both of New Orleans, for appellees.

HIGGINS, Judge.

This is a suit by the wife of a tenant to recover damages for personal injuries, medical expenses, and loss of earnings said to have resulted when a part of the front steps broke and caused her to fall to the ground. Defendant denied liability and pleaded contributory negligence.

There was judgment dismissing the suit, and plaintiff has appealed.

■ The record shows that the plaintiff and her husband rented one-half of the double cottage No. 808 Valence street, in July of 1930, and promptly paid the rent as it matured. On March 25, 1931, about 11 p. m., plaintiff, on returning from her neighbor's home, 812 Valence street, ascended the front steps in order to go into the house, but finding the door locked attempted to descend the stairs, which consisted of three steps, and as she placed her foot upon the second step she fell and was injured.

Mr. and Mrs. Albert Drane, whose home the plaintiff had visited, and Mr. and Mrs. Peter Babineaux, also plaintiff's neighbors, all of whom had been playing bridge, immediately assisted plaintiff into her home and administered first aid.

The first question presented is whether plaintiff fell as a result of a vice or defect in the board, or whether she merely lost her balance in the darkness, or stumbled and fell. She testified that as she placed her foot upon the tread of the second step the outer edge of it gave way under her weight causing her to fall to the ground.

Mr. Drane testified that as he was standing on his porch at the time, he saw plaintiff fall down the stairs, and all of the above-mentioned parties, together with plaintiff's husband, corroborate her statement that a part of the tread of the second step was broken off and the severed piece was lying in the yard.

The photographs, which were taken several days after the accident and introduced in evidence, show that a portion of the step was broken off.

Mr. Probst, the real estate agent who collected the rent, and Mr. Landry, the carpenter who repaired the steps, also admit that the outer edge of the tread of the step was broken off.

We, therefore, conclude that plaintiff has shown by a preponderance of the evidence that she fell as a result of a vice or defect in the step.

■ Was the plaintiff contributorily negligent? This plea is predicated upon two grounds: First, that the repair was of a minor nature and should have been made by plaintiff's husband and charged against the rent; and, second, that as the plaintiff alleges in her petition that the steps were in a rotten and decayed condition, and she notified the defendants thereof, she knew that the steps were in an unsafe condition and was guilty of negligence in attempting to use them. The evidence of both the plaintiff and defendants shows that only the first step was in a decayed condition. The second step which broke as the plaintiff placed her weight upon it was not in a defective condition, except that the outer edge of it cracked or split off as the plaintiff stepped upon it. It appeared to be safe to use. It is our opinion that the plea of contributory negligence is without merit and that the defendants are liable. Boutte v. N. O. Terminal Co., 139 La. 954, 72 So. 513; Wise v. Lavigne, 138 La. 218, 70 So. 103; Landry v. Monteleone, 150 La. 546, 90 So. 919; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; Shelton v. Masur, 157 La. 621, 102 So. 813; Klein v. Young, 163 La. 59, 111 So. 495; Labat v. Gaerthner Realty Co. (La. App.) 146 So. 69; Divas v. Noto, 17 La. App. 177, 134 So. 275; Vanosby v. Creidman, 15 La. App. 488, 131 So. 702; White v. Juge (La. App.) 142 So. 851.

■■ As to the quantum the evidence shows that plaintiff fell from the second step to the ground. Dr. N. C. Lanier, who treated her, diagnosed the case as a sprained ankle and torn ligaments in the right leg; bruises on right hip and leg and contusions. He bandaged the leg and treated it with a solution of lead and opium to ease the pain. She was confined to her home for about thirty days and was unable to return to work for about seven weeks. We are convinced that while the injury was painful it was not serious or permanent.

Plaintiff claims a loss of $85 for wages which we believe was amply proven.

The claim for $100 for medical expenses is

objected to on the ground that it is a community debt, and as the husband did not join in the suit it should be disallowed. We believe the objection is well taken. Labat v. Gaerthner Realty Co. (La. App.) 146 So. 69.

Considering the case as a whole, we have concluded that $300 would be a reasonable amount to award the plaintiff.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Mrs. Lillian Chutz, wife of Charles Sicard, and against the defendants Miss Blanche Bergeron and Mrs. Maria Bourgeois, widow of Charles Pollard, in solido, in the sum of $300 with legal interest from judicial demand. Defendants to pay the costs of both courts.

Reversed.