## JOHNSON v. LUCY REALTY & DEVELOPMENT CO., Inc.

### No. 17102.

Court of Appeal of Louisiana. Orleans.

March·27, 1939.

Daniel Wendling, of New Orleans, for appellant.

Claude J. de Baroncelli, of New Orleans, for appellee.

JANVIER, Judge.

Willie Lee Johnson, alleging that on March 27, 1938, while she was a tenant of defendant, Lucy Realty & Development Company, Inc., because of a, defect in the gallery of the leased premises, one of her legs plunged through a hole in the gallery and that she sustained injuries, seeks financial redress therefor.

In her petition she charges that, because of the absence of "a piece of wooden board", there was a hole in the gallery approximately 4 inches wide by 6 or 7 inches long, and that this hole had been there for a long time and that, on many occasions, she had notified defendant's agent and had asked that the defect be remedied.

In view of this allegation in the petition, defendant filed an exception of no cause of action, basing it on the contention that, since the accident occurred in broad daylight and since the hole, to the knowledge of plaintiff, had existed for a long time, she was contributorily negligent in stepping into it. This exception was overruled because in the petition it was alleged that the plaintiff's foot had not gone through this hole, but had been placed on the edge, on other planks or portions of the gallery which had given way. However, when plaintiff testified, she made no reference whatever to any other defective plank, or portion of the gallery, stating only that the hole through which her foot and leg were plunged was "about 4 inches wide" and "12 or more inches long". She testified, also, that the hole had existed for a long time; that she knew it was there, and that the accident had occurred in broad daylight.

The trial court awarded judgment to plaintiff in the sum of $161. Defendant has appealed and plaintiff has answered the appeal, asking that the judgment be increased to $300, the amount originally prayed for.

We cannot understand how plaintiff could have stepped through the hole except as a result of her own contributory negligence.

It is true that, in Boutte v. New Orleans Terminal Company, 139 La. 945, 72 So. 513, the Supreme Court held that there could be recovery although there was a charge that the person who had been killed was guilty of contributory negligence in leaning against a gallery rail which she knew to be defective. But the court said that, though she could see that the rail was to some extent defective, there was nothing to indicate that it was so defective that it would not support her weight when she leaned against it.

But the same cannot be said about an open hole in a gallery, for, obviously, there is no question of error in judgment as to the strength of materials, or anything of that kind, in stepping into a hole. Plaintiff must have known that, if she stepped into the hole, of which she was aware, her foot would go through and she might be injured. If she had shown that the gallery looked weak but that she stepped upon it nevertheless, believing that it would support her, then the principle which was involved in the Boutte case might have been applicable here.

Counsel calls to our attention what we said in Richard v. Tarantino, 15 La.App. 311, 131 So. 701, 702. That case came before us on appeal from a judgment sustaining an exception of no cause of action. The petition charged that there was a hole in the floor of an inside room and

that the injured person had placed a chair at that point, not noticing the hole, and that one of the legs of the chair had gone through the hole. We reversed the judgment, which had dismissed the suit on exception, and we remanded the matter to the lower court for trial on the facts, being .of the opinion that the evidence might show "that the hole was located in a dark spot, or that for some other reason plaintiff's attention was not, at the time, directed to it".

But here we have the actual facts before us. Plaintiff knew well of the existence of the hole; there was nothing to prevent her seeing it; she knew that it was large enough for her foot to go through, and yet she carelessly stepped into it. Regardless of the fault of the owner of the premises in not keeping the gallery in repair, there can be no recovery because the contributory negligence of the plaintiff herself was the proximate cause of the unfortunate result.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit at her cost.

Reversed.