**BENTZ et ux. v. SAENGER-EHRLICH ENTERPRISES, Inc.**

No. 6132.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Harry V. Booth and L. L. Lockard, both of Shreveport, for appellants.

Cook, Cook & Egan, of Shreveport, for appellee.

TALIAFERRO, Judge.

This suit was dismissed below on exceptions of no cause and no right of action, and plaintiffs appealed.

To consider and pass on the sole issue tendered and argued here, we shall have to accept the allegations of fact set up in the petition as true.

In the afternoon of September 3, 1938, Mrs. Daisy Strong Bentz, accompanied by her two children, ten and six years of age respectively, as paid patrons, witnessed a picture show being projected in defendant's theater building in the City of Shreveport, Louisiana. The party occupied seats in the balcony. At the conclusion of the picture they left their seats and proceeded up a flight of several steps, but before reaching the aisle at the top of the steps, Mrs. Bentz fell and was injured. She sues for damages and her husband for expenses necessarily incurred in treating her.

The following articles of the original petition embody the cause of action alleged upon, to-wit:

"That leading from the platform in said balcony to the seats below, there is a stairway down which customers must descend to be seated and ascend to exit themselves from said theater, and that said stairway

is steep and has no handrail or other means of safety provided for the descent and ascent of said patrons.

"That upon petitioner and her said children, proceeding to leave said theater and upon leaving their seats to ascend said steps, there was quite a crowd leaving at the same time and your petitioner was forced over to the edge of said stairway.

"That down said stairway there is a strip of carpet, leading from the top to the bottom thereof.

"That as your petitioner reached the second step from the top of said stairway, suddenly and without warning, her left foot caught between the carpet and the riser of said step, violently throwing petitioner against the chairs adjoining said stairway.

"That the said carpet that caught your petitioner's left foot was not securely fixed to the riser of said step but was bulging out from the riser of said step in such a way as to make it a natural trap for persons ascending said stairway, particularly so, your petitioner avers in view of the circumstances at the time of said accident in that said stairway was crowded and was not well lighted."

Defendant excepted to the petition as disclosing neither a right nor a cause of action. The exceptions were sustained with right to amend. These exceptions have as their basis the absence from the petition of any allegations charging that defendant had knowledge of the existence of the defect in the carpet runner, to which the accident is accredited, prior thereto, or that such defect had existed for such length of time that its presence could have been discovered by the exercise of reasonable care and inspections, and, therefore, defendant was impressed with constructive knowledge of the existence of the defect.

Plaintiffs then filed a supplemental petition in which it is alleged:

"That they do not know and have no way of knowing how long this strip of carpet on the stairway in defendant's theater was in the condition alleged upon in the original petition prior to the date of the accident herein; however, your petitioners aver that said carpet was in that condition and the circumstances were as described in plaintiff's petition from September 3rd, 1938 to or about May 1, 1939.

"Your petitioners further show that the said defendant has many ushers and employees who regularly go up and down said stairway and who should have seen said condition and your petitioners aver that they either knew or should have known of said condition."

Defendant again excepted to the petition as amended on the ground that it disclosed neither a cause nor a right of action. These exceptions were also sustained.

This case propounds the legal proposition:

Is it necessary to the disclosure of a cause and a right of action that plaintiffs allege that defendant had actual knowledge of the defect in the runner, or that it had existed so long that constructive knowledge thereof may be charged to defendant?

Plaintiffs admit that they do not know how long the defect in the runner's condition existed prior to the accident. In the usual run of things it would be impossible for them to have personal knowledge thereof. They argue that they have alleged all the facts and circumstances pertinent to the accident of which they do have personal knowledge, and that if permitted to support these allegations with relevant testimony a prima facie case of such strength will be made out as to warrant judgment for them if not overcome by adverse proof on the part of the defendant. Also, that in cases of this character, if to state a cause of action, the plaintiff is required to allege expressly that the defendant had knowledge, actual or constructive, of the existence of the defect, very often, if not always, he would be barred from prosecuting a claim in damages because he could not conscientiously and truthfully, for lack of such knowledge, allege and swear to such facts; that the knowledge of such facts is peculiarly and solely with the defendant. We think this argument and the reasoning in support of it, sound.

The court said in Lurie v. Titcomb, 139 La. 9, 17, 71 So. 200, 203: "Whatever facts must be proven to maintain a suit upon its merits must be alleged to set forth a cause of action, even though the allegations be of a negative character."

But there are instances, exceptions to this rule, where this cannot be done, yet the plaintiff may have a valid cause of action. Because of this handicap, are courts of justice closed to him? We think not. Has he not the right, due to the peculiar facts and circumstances of his case, to set up all the facts within his knowledge

which, if supported by proof, will make out a prima facie case, and thereby require defendant, if he would escape judgment against him, to adduce proof in support of his plea of nonliability? We think so.

■ Negligence is not to be presumed from the happening of an accident unless the circumstances authorize an application of the doctrine of res ipsa loquitur. Jones on Evidence in Civil Cases, Vol. 1, page 29, 4th Ed.

But, as said in Zahniser v. Pennsylvania Torpedo Co., 190 Pa. 350–353, 42 A. 707, 708: "The accurate statement of the law is not that negligence is presumed, but that the circumstances amount to evidence from which it [negligence] may be inferred by the jury."

■ It is the duty of an owner and operator of a moving picture show to exercise reasonable care to keep his building and equipment in such physical condition as will protect patrons from personal harm and injury while therein. It is a violation of that duty to create, allow or permit to continue such conditions in the building as will endanger the physical safety of such patrons. This duty, while not on all-fours with that of a common carrier, is somewhat similar in character. As regards the liability of a common carrier, it is only necessary to make out a prima facie case, that the injured passenger prove the contract of carriage, the accident and the injury. He need not prove the cause of the injury or damage, whereas a patron of a picture show, injured by accident therein, is required in order to establish a prima facie case for damages, to prove that he was a patron, that there was an accident with consequent injury and the *cause* of the accident. Slight evidence is sufficient to meet the burden of proof. If the cause of the accident is ascribable to a defect as such (in legal contemplation) in building or equipment, of which the owner or operator has or should have had knowledge, an action in damages will lie; and when the injured patron has made out a prima facie case, of course, it then devolves upon the sued owner or operator to exculpate himself from the inference of negligence arising therefrom if he would escape an adverse finding. This holding does not violate to any extent what was held by us in the case of McGregor against this same defendant, recently decided, McGregor v. Saenger-Ehrlich Enterprises, 195 So. 624. In that case it was not proven that the alleged defect in the runner existed at the time Mrs. McGregor fell; and, assuming that it did then exist, we held that the testimony did not convince us that it caused the fall.

We are of the opinion that the lower court in sustaining the exceptions of no cause and no right of action fell into error, and for the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed and this case is remanded to the lower court for further proceedings. The defendant is cast for costs for appeal. Liability for all other costs will await final decree.