Alleging that he was a paying guest at the Star Theatre at 1050 Texas Avenue in Shreveport, Louisiana on the night of November 4, 1948, and that he suffered injury when struck by falling portions of the ceiling of the building in which the theatre was operated, plaintiff filed this suit in tort for $1651.00.
Defendant filed a general denial, and on trial of the case defended on the ground that defendant did not own the building and, as lessee, was not responsible for repairs to, or the condition of, the ceiling and consequently was not responsible to plaintiff for his injuries.
The District Court gave judgment for defendant, noting that the lessee is not required under Article 2716 of the Revised Civil Code to maintain or repair the ceiling, and in answer to plaintiff's contention that defendant should have demanded that the owner repair the ceiling and keep it in good condition and, upon his failure to do so, was authorized to make the necessary repairs and deduct same from the rent, the learned District Judge noted that there was no proof that the lessee had knowledge of the defect actually or constructively *Page 866 
and, in the absence of such knowledge, was not negligent in failing to give notice to the landlord or to make repairs.
From the judgment in favor of defendant, plaintiff prosecutes this appeal.
The facts, other than the extent of plaintiff's loss, are not in dispute. The defendant corporation operates a motion picture theatre in the 1000 block of Texas Avenue in the City of Shreveport, Louisiana, which caters to colored patrons. Plaintiff on the night alleged was a paying patron and had the misfortune of being in attendance at the time a portion of the ceiling immediately above his head fell. He, along with others who were in the audience, made a hasty exit. The record shows that he suffered damage to his clothing and person. In view of the conclusion we have reached on the law applicable to the case, it would serve no useful purpose to consider the extent of this damage.
We note in the theatre cases cited by both plaintiff and defendant that the Courts have discussed the liability and duties of "an owner and operator of a moving picture show" as in the case of Bentz v. Saenger-Ehrlich Enterprises, Inc., La. App., 197 So. 659, 661, or as the "proprietors of places of amusement" as in the case of Cassanova v. Paramount-Richards Theatres, Inc., et al., 204 La. 813, 16 So.2d 444. The opinions do not show whether or not the operator of the theatre in the several cases was also the owner of the building, in which case, of course, it would be unnecessary to distinguish the liability of the operator as against the liability of the landlord. One of the cases involved wet and slippery floors; another a burning film; another defective seats. In none of these cases did the Court discuss the possible distinction between the patron's rights against the building owner as distinguished from his right of action against the "operator" of the theatre.
Plaintiff cites in brief the case of Welcek v. Saenger Theatres Corporation, et al., La. App., 5 So.2d 577, 580, and counsel includes in his brief the following quotation from that case:
" 'In accordance with general principles elsewhere considered, where a patron of a theater or other place of public amusement is injured, and the thing that caused the injury is wholly and exclusively under the control and management of the proprietor, and the accident is such as in the ordinary course of events would not have happened if proper care had been exercised, its occurrence raises a presumption or permits of an inference of negligence on the part of the proprietor, and casts on him the burden to introduce evidence sufficient to overthrow this inference or presumption, * * *.' "
" 'This doctrine is more peculiarly applicable in tort actions arising from accidents because of defective theatre buildings or the equipment therein. In such cases when plaintiff proves his right to be in the theatre when injured, the accident causing the injury and consequent damages, a prima facie case is made out. Res ipsa loquitur, under such facts, is applicable. To escape liability, defendant is then required to prove freedom from negligence on his part as the or a cause of the accident.' "
The above extracts clearly set forth the law of this State applicable to one who is the "owner and operator" of a motion picture theatre.
In the case before us, plaintiff did not make the owner of the theatre building a party to the suit nor was the owner called in warranty by the defendant lessee. The case turns upon the question as to whether or not a theatre operator, who leases the premises from another, is responsible to a patron for injury resulting from the falling of a defective ceiling; or, to put the matter differently, is the tenant-operator considered a "proprietor" and responsible under the statement of law from the above quoted Welcek case.
This is a tort action and the burden is on the plaintiff to show that his injury resulted solely from the fault of the defendant or from the joint negligence of defendant and a co-tort-feasor. The Revised Civil Code, Article 670, makes the owner responsible to persons lawfully in a building who are injured by falling plaster, as was the plaintiff in the present case. The Article refers to "* * * *Page 867 
losses and damages, which may result from the neglect of theowner * * *" with respect to falling materials. No mention is made of a similar responsibility on the lessee of an offending building. For the present defendant to be held responsible, there must be some negligence shown on its part and in the absence of proof that the defendant lessee had actual knowledge, or, under the circumstances, should have had knowledge of a defective condition in the ceiling, plaintiff has not made out a case of "fault" under Article 2315 of the Civil Code.
As stated in the case of Vanosby v. Creidman, 15 La. App. 488, 131 So. 702, 703:
"* * * a landlord is bound to know if his building is safe for the purposes for which he rents it and if a tenant, or person lawfully therein, is injured as the result of vices and defects, whether of original construction or because of failure to make proper repairs, under articles 670 and 2322 of the Civil Code, he is answerable in damages." (Italics ours.)
Plaintiff has cited no article of the Code or other authority for his contention that a tenant operating a business on leased premises is responsible for damages resulting from the falling of a defective ceiling. This right to recover under the above cited codal articles is only against the owner. Therefore, in the absence of the proof of separate negligence on the part of the defendant lessee, such as the continued operation of the theatre with knowledge of a defective and dangerous condition, plaintiff is without right of recovery against such lessee under Article 2315 of the Civil Code.
No useful purpose would be served by an obiter dictum discussion of theatre injuries for which an operator-lessee would be responsible, or cases in which the owner only would be responsible, and possible cases in which both owner and lessee would be liable to an injured patron. Sufficient for this case is it to say that had plaintiff's injury resulted from equipment placed in the building by the operator of the theatre, or been due to contact with equipment peculiar to the operation of motion picture theatres, or were the accident due to some defect or condition made more dangerous by the darkened conditions under which films are shown, or were the accident due to a lack of repairs to the floor or lower wall portions of the building, for which repair the lessee is responsible under Article 2716 of the Civil Code, a different question would be presented.
We find it unnecessary to determine whether or not the doctrine of res ipsa loquitur is applicable for the reason that the owner of the building is not a party to this suit and, under our appreciation of the law as above discussed, the record discloses that plaintiff has no right of action against the defendant lessee.
The Court notes with interest the expeditious manner in which this case was processed in the District Court. The suit was filed January 24, 1949; defendant answered February 3, 1949; trial was had on February 15, 1949, only three weeks after suit was filed. After delay of approximately two months, the case was argued and submitted on April 18th. Only two weeks later the District Court rendered judgment. An application for rehearing, filed on May 6th, was submitted on May 16th, passed upon before the end of May and orders of appeal entered on June 1st.
Thus, in a period of four months and one week, the case was completely processed in District Court from filing of suit to granting of orders of appeal, and this in the face of delay of over two months for the preparation of transcript, briefing and setting of the case for argument. Thanks to this lack of delay, the decision of the Court of Appeal will be rendered in less than twelve months from the happening of the accident on November 4, 1948. The prompt disposition of a lawsuit is always desirable. Justice delayed, in some instances, becomes close to, if not equivalent to, justice denied. This Court entertains the hope that other members of the Bench and Bar of this district will continue to lend their best efforts to the prompt disposition *Page 868 
of cases, without neglect, of course, to the substantial rights of the parties who may be litigants.
The judgment appealed from is affirmed, with costs.